IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHNNY HUGHLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:15cv162-WKW |
| ) | [WO] |
| JAY JONES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by *pro se* plaintiff Johnny Hughley ("Hughley"), challenging the adequacy of medical treatment provided to him for a heart condition during his confinement at the Houston County Jail on January 8, 2014.  *See* Docs. # 1 & 2.  Hughley initially filed an action on February 24, 2015.  *See Hughley v. Lee County, Ala.*, Civ. Act. No. 3:15cv126-MHT-SRW (Ala. M.D. 2015).  After the United States Magistrate Judge recommended the case be dismissed prior to service of process, *see id.*, doc. # 6, Hughley moved to amend his complaint.  (*Id.,* doc. # 7).  Because Hughley was entitled to amend "once as a matter of course" pursuant to FED.R.CIV.P. 15, the court severed two newly added counts in the amended complaint from Hughley's original complaint. (*Id.*, doc. # 8).

This action is the result of that severance and consists of two counts.  In count I, Hughley sues Lee County Sheriff Jay Jones, claiming that he was denied medical treatment

for a blood clot in his right leg while he was incarcerated at the Lee County Jail. He further contends that because he was denied proper care while incarcerated, he suffered a heart attack on July 15, 2014. In Count II, Hughley sues the East Alabama Medical Center because he contends that the doctors failed to provide him with "the same equal treatment it provided for others who suffer the same type of heart attack." (Doc. # 2 at 3.) He seeks monetary damages for the alleged violations of his constitutional rights. (*Id.* at 2 & 4).

On May 11, 2015 defendant East Alabama Medical Center filed an answer, and on May 14, 2015, defendant Lee County Sheriff Jay Jones filed a motion to dismiss, or in the alternative, motion for summary judgment. *See* Doc. # 17. Because the motion to dismiss relies on material outside the pleadings, the court converted the motion to dismiss into a motion for summary judgment.[1] *See* Doc. # 20. After being given an opportunity, the plaintiff filed a response in opposition to the motion for summary judgment. (Doc. # 22). Upon consideration of the motion, the evidentiary materials filed in support of the motion, and the plaintiff's opposition to the motion, the court concludes defendant Jones' motion for summary judgment is due to be granted, and the claims against him are due to be dismissed. The court further declines to exercise supplemental jurisdiction over the plaintiff's state law claims against defendant East Alabama Medical Center and concludes that those claims should be dismissed without prejudice.

---

[1] The court is aware that the exhaustion issue is subject to the analytical framework in *Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008) and should be considered on a motion to dismiss. However, the court converted the motion to dismiss into a motion for summary judgment because the motion was not limited to the exhaustion issue.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute][2] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted); FED.R.CIV.P. 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine [dispute] as to any material fact and that the movant is entitled to judgment as a matter of law.").  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof.  *Id.* at 322-324.

Once the defendant meets its evidentiary burden and demonstrates the absence of a

---

[2]  Effective December 1, 2010, the language of Rule 56(a) was amended.  The word "dispute" replaced the word "issue" to "better reflect[] the focus of a summary-judgment determination."  FED.R.CIV.P. 56(a), Advisory Committee Notes, 2010 Amendments.

genuine dispute of material fact, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; FED.R.CIV.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine [dispute] for trial."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison [medical personnel]. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted). Consequently, to survive the defendant's properly supported motion for summary judgment, Hughley is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice;

4

there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990) *quoting Anderson*, *supra*. Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which he will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than

simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co, Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 529; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Hughley fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

### III.  DISCUSSION

**A.  Suit Against Defendant Jones in His Official Capacity - Absolute Immunity**

To the extent Hughley sues defendant Sheriff Jay Jones in his official capacity, Sheriff Jones is immune from monetary damages.[3] Official capacity lawsuits are "in all respects other than name, . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985).

---

[3] Under all facets of Alabama law, a county sheriff, his jailers and medical staff act as state officers "when supervising inmates and otherwise operating the county jails." *Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289 (11th Cir. 1998); *see* ALA. CONST. ART. V, § 112 (designates sheriff and, by extension, his staff as members of State's executive department); *see also Parker v. Amerson*, 519 So.2d 442 (Ala. 1987) (county sheriff is executive officer of the State).

> A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity. Therefore, Alabama state officials are immune from claims brought against them in their official capacities.

*Lancaster v. Monroe County*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing, it is clear defendant Jones is a state actor entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from him in his official capacity. *Lancaster*, 116 F.3d at 1429; *Jackson v. Ga. Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994); *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989).

### B. Failure to Exhaust Administrative Remedy

Furthermore, in response to the complaint, defendant Jones maintains this case is subject to dismissal because Hughley failed to properly exhaust the administrative remedy provided at the Lee County Jail prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

7

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires **proper exhaustion**." *Woodford*, 548 U.S. at 93 (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91, 93. The Court reasoned that because proper exhaustion of administrative remedies is necessary, an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or

8

otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available. 548 U.S. at 83-84; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA).

Hughley challenges the constitutionality of medical treatment provided to him while he was incarcerated in the Lee County Jail in January, 2014. The record in this case establishes that the Lee County Jail provides a grievance procedure for inmate complaints. *See* Doc. # 18, Ex. D and Ex. E. In his response in opposition to defendant Jones' motion for summary judgment, Hughley does not dispute that his claims are subject to exhaustion, but asserts that he exhausted the administrative remedy provided by the Lee County Jail. The court therefore concludes the claims presented in this cause of action are subject to dismissal as the plaintiff failed to properly exhaust an administrative remedy available to him which is a precondition to proceeding in this court on his claims. *Ngo*, 548 U.S. at 87-94.

In opposition to the defendant's motion for summary judgment, Hughley provided copies of three grievances.[4] *See* Doc. # 22, Ex. 2. In none of the three grievances does Hughley complain about the lack of medical treatment for a blood clot in his leg nor does he complain about swelling of his right leg.[5] *Id*. Consequently, it is undisputed that Hughley

---

[4] Hughley provided three copies of the same grievance that was submitted on February 24, 2014. (Doc. # 22, Ex. 2 at 7-9).

[5] In his first grievance dated February 14, 2014, Hughley requested "a blood pressure check ASAP." (Doc. # 22, Ex. 2 at 2). Hughley was prescribed medication. (*Id*.) In his second grievance dated February

9

failed to file a grievance with respect to the claims presented in this case within the time required by the grievance procedure in effect at the Lee County Jail. Thus, the administrative remedy provided by the defendant regarding the instant claims is no longer available to Hughley. Under such circumstances, dismissal with prejudice is appropriate. *Bryant v. Rich*, 530 F.3d 1368, 1375 n.1 (11th Cir. 2008); *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2nd Cir. 2004) (footnotes omitted) (inmate's "federal lawsuits ... properly dismissed with prejudice " where previously available administrative remedies had become unavailable and no circumstances justified the failure to exhaust). The defendant is therefore entitled to summary judgment due to Hughley's failure to properly exhaust administrative remedies previously available to him at the Lee County Jail.

### C. Claims Against East Alabama Medical Center

An essential element of a 42 U.S.C. § 1983 claim is that the alleged constitutional or federal deprivation was committed by a person acting under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999). To state a viable claim for relief under

---

21, 2014, Hughley requested a mattress because of alleged damage to his spinal cord. (Doc. # 22, Ex. 2 at 3). This request was denied. (*Id*.). In his third grievance, Hughley requested to be taken off his medication because he had filed a claim against Dr. McFarland and he thought Dr. McFarland "might give bad medication." (Doc. # 22, Ex. 2 at 7-9). Dr. McFarland indicated that Hughley could stop the medication but it was against his advice. (*Id*.)

§ 1983, a plaintiff must assert a "deprivation . . . and that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *Id.* at 49-50. Although Hughley asserts that doctors at the East Alabama Medical Center perform work for the Lee County Jail, he presents no evidence that the doctors who treated him in July 2014 when he suffered his heart attack did so as in their capacity as state actors or at the behest of Lee County Jail.

Moreover, the undisputed evidence demonstrates that Hughley was released from the Lee County Jail in January 2014, six months before he was treated at the East Alabama Medical Center. *See* Doc. # 18, Ex. C. Consequently, any claims against the East Alabama Medical Center are grounded in state law.

Having determined that defendant Jones is entitled to summary judgment on the plaintiff's federal claims, the court declines to exercise supplemental jurisdiction of the plaintiff's state law claims against the East Alabama Medical Center pursuant to 28 U.S.C. § 1367. These claims will be dismissed without prejudice.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.     Defendant Jay Jones' motion for summary judgment be GRANTED, and that the claims against him be DISMISSED with prejudice.

2.     The claims against defendant East Alabama Medical Center be DISMISSED without prejudice.

3. This case be dismissed.

It is further

ORDERED that **on or before June 25, 2015**, the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981)(*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 11th day of June, 2015.

                                                    /s/Charles S. Coody
                                               CHARLES S. COODY
                                               UNITED STATES MAGISTRATE JUDGE