IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY HUGHLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:15-CV-162-WKW |
| | ) | [WO] |
| JAY JONES and EAST ALABAMA | ) | |
| MEDICAL CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On June 11, 2015, the Magistrate Judge filed a Recommendation (Doc. # 24), to which Plaintiff Johnny Hughley filed a timely Objection (Doc. # 27).  Upon an independent and *de novo* review of those portions of the Recommendation to which objection is made, the Objection is due to be overruled, the Recommendation is due to be adopted, Sheriff Jay Jones's Motion for Summary Judgment (Doc. # 17) is due to be granted, Mr. Hughley's claims against Sheriff Jones are due to be dismissed with prejudice, and Mr. Hughley's claims against Defendant East Alabama Medical Center are due to be dismissed without prejudice pursuant to 28 U.S.C. § 1367.

On March 13, 2015, Mr. Hughley filed an amended 42 U.S.C. § 1983 Complaint (Doc. # 2), against Sheriff Jones and East Alabama Medical Center, alleging that Defendants provided him with inadequate medical treatment during his confinement at the Lee County Jail.  East Alabama Medical Center answered Mr.

Hughley's complaint, and Sheriff Jones filed a motion to dismiss or, in the alternative, motion for summary judgment.  Sheriff Jones contended that Mr. Hughley's claims against him were due to be dismissed in light of the exhaustion requirements of the Prison Litigation Reform Act, Sheriff Jones's entitlement to qualified immunity, and Mr. Hughley's failure to state a claim upon which relief can be granted.  Mr. Hughley filed a response in opposition to Sheriff Jones's motion, arguing that Mr. Jones has a "history of abusing his power and authority," that Sheriff Jones offered "Affidavits of lies" in support of his motion, that Mr. Hughley did in fact exhaust his administrative remedies prior to filing this § 1983 action, and that Sheriff Jones is not entitled to qualified immunity.  (Doc. # 22.)

Reviewing the arguments of the parties' and the evidence submitted from both sides, the Magistrate Judge determined that, to the extent Mr. Hughley was suing Sheriff Jones in his official capacity, Sheriff Jones is a "state actor entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from him in his official capacity." (Doc. # 24.)  The Magistrate Judge also concluded that, absent sovereign immunity, Mr. Hughley's claims against Sheriff Jones were also due to be dismissed because Mr. Hughley had failed to exhaust his administrative remedies prior to filing suit.  While the Magistrate Judge noted that Mr. Hughley provided copies of three grievance forms he completed during his confinement, the Magistrate Judge explained that none of the grievance forms

2

incorporated a complaint regarding a lack of medical treatment for a blood clot or for swelling in Mr. Hughley's right leg.

In his Objection, Mr. Hughley explains that, while sovereign immunity bars a suit against Sheriff Jones in his official capacity, Mr. Hughley can pursue his claims against Sheriff Jones in his individual capacity.  Mr. Hughley also argues that the affidavits upon which the Magistrate Judge relied contain falsehoods.  He argues that Sheriff Jones's affidavits include perjurious testimony and faults the court for not addressing Sheriff Jones's perjury.

Mr. Hughley fails, however, to provide any evidence that he exhausted his administrative remedies prior to filing his § 1983 suit.  And while he vehemently argues that the affidavits submitted by Sheriff Jones incorporate factual inaccuracies, the Eleventh Circuit has explained that "mere verification of a party's own conclusory allegations is not sufficient to oppose a motion for summary judgment." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984); *see also Lambert v. United States*, 198 F. App'x 835, 839 (11th Cir. 2006) (explaining that a plaintiff "could not rely on his own conclusory allegations to survive summary judgment").

Accordingly, it is ORDERED as follows:

1.    Mr. Hughley's Objection (Doc. # 27) is OVERRULED.

2.    The Recommendation (Doc. # 24) is ADOPTED.

3.    Sheriff Jones's Motion for Summary Judgment (Doc. # 17) is GRANTED.

4.    Mr. Hughley's claims against Sheriff Jones are DISMISSED with prejudice.

5.    Mr. Hughley's supplemental state-law claims against East Alabama Medical Center are DISMISSED without prejudice pursuant to 28 U.S.C. § 1367.

DONE this 20th day of July, 2015.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE